CHARLES C. BROWN, ESQ. (Bar No. 179365)
(E-Mail: charlesbrown@parzivalgroup.com)
1 South Fair Oaks Avenue, Suite 401
Pasadena, California 91105
Telephone: (626) 594-4874

Attorney for Defendant
MIRELA TODOROVA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIRELA TODOROVA,<br><br>　　　　　Defendant. | Case No. CR 21-244-AB<br><br>**Ex Parte Application for Order Continuing Trial**<br><br>**Current Trial Date: Dec. 3, 2024**<br>**Proposed Trial Date:  Feb. 18, 2025** |

Counsel for Ms. Todorova hereby files this ex parte request for an order continuing the trial in this matter presently scheduled for December 3, 2024, at 8:30 a.m. until February 18, 2025, at 8:30 a.m., or to another date and time convenient with the court.  This application is based on the attached declaration of Charles C. Brown and the files and records of this case.  A proposed order granting the requested relief is being filed simultaneously with this application.

　　　　　　　　　　　　　　　　　Respectfully submitted,

DATED:  October 30, 2024　　　By: *Charles C. Brown*
　　　　　　　　　　　　　　　　　CHARLES C. BROWN
　　　　　　　　　　　　　　　　　Counsel for Mirela Todorova

DECLARATION OF CHARLES C. BROWN

I, CHARLES C. BROWN, hereby state and declare as follows:

1. I am CJA Counsel in the Central District of California appointed to represent Ms. Todorova in the above-entitled action.

2. The Government has filed a nine-count indictment charging defendant with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Fentanyl Resulting in Death and Serious Bodily Injury; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(ii),(b)(1)(C): Possession with Intent to Distribute Controlled Substances; and 18 U.S.C. § 1001(a)(2): Making False Statements. If convicted, Ms. Todorova faces a minimum sentence of 20 years in prison and possibly a life sentence. Trial is presently scheduled for December 3, 2024.

3. The government to date has produced more than a million pages of discovery in this case, much of which has been heavily redacted.

4. Defense counsel is presently involved in the following matters, and scheduled to be in trial as follows:

 a. *United States v. Jose Garcia,* No. CR-24-461-FMO (3) – A two-week trial alleging alien smuggling and kidnapping currently scheduled for April 18, 2025.
 b. *United States v. Hurtado,* No. CR 23-545-AB (13)(Raul Contreras) – A two-week trial alleging conspiracy to distribute methamphetamine currently scheduled for February 4, 2025.
 c. *United States v. Edgar Martinez-Reyes*, No. CR 23-524-DMG (2) (Agustin Aquino-Martinez) – A two-week trial alleging conspiracy to distribute methamphetamine and money laundering currently scheduled for October 21, 2025.
 d. *United States v. Ho,* 23-0051-JVS, a two-week wire fraud trial scheduled for February 18, 2025.

1         5.     There are several reasons why a continuance of the trial date is necessary. First, defense counsel recently filed a motion to compel discovery seeking information that directly bears on the credibility of a central, but heretofore uncharged, co-conspirator in this case. The defense seeks information that it deems is material and exculpatory with respect to this individual. Currently, the hearing on this motion is not scheduled to be heard until November 22, 2024. Additional time is necessary for the defense to further litigate this crucial issue and await the Court's ruling on these motions and, if necessary, conduct further investigation of these issues.

        6.     Second, the defense has retained the services of a psychological expert to perform follow-up neuro-psychological testing on Ms. Todorova for trial purposes. Defense counsel had hoped that expert could have met with Ms. Todorova in time for the defense to comply with its expert disclosure obligations under Rule 16. However, defense counsel was recently informed because of the expert's schedule, the testing and evaluation of Ms. Todorova cannot be completed until January 2025. The expert evaluation is vital for Ms. Todorova's defense at trial.

        7.     Third, an out of district witness subpoenaed by the defense whose initials are Y.D. recently contacted both defense counsel and government counsel. Y.D. informed counsel that because he is currently studying for his medical exams which are scheduled for mid-December, it would be impracticable for him to travel to Los Angeles for his testimony. Although, the parties had recently discussed a work-around for Y.G. to perhaps appear remotely, upon further reflection, defense counsel believes it is in Ms. Todorova's best interest to have Y.G. appear in person given the gravity of the case and the portent of his testimony. Therefore, additional time is necessary to make necessary arrangements to have this out of district witness available for trial.

8. Fourth, the defense is still awaiting the Court's ruling on the defense motion for grand jury transcripts. Depending on the outcome of the Court's *in camera* review, additional time will be necessary for the defense to file responsive pretrial motions. Additional time will be necessary for responsive pleadings for government Counsel as well.

9. Given the above issues, the defense does not believe it can be adequately prepared for trial on December 3, 2024.

10. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, considering the exercise of due diligence.

11. For purposes of computing time under the Speedy Trial Act, within which trial must commence, the period of time from December 3, 2024, until February 18, 2025, is "excludable time" under the Speedy Trial Act of 1974, 18 U.S.C. § 3161(h)(8)(A) and (B)(IV). The ends of justice served by continuing the trial date outweighs the best interests of the defendant and the public in a speedy trial because additional time is necessary:

/
/
/
/
/
/

12. On October 30, 2024, Assistant United States Attorney Jason Pang informed defense counsel that the government is opposed to this request.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: October 31, 2024          By   /s/ Charles C. Brown
                                      CHARLES C. BROWN
                                      Counsel for Ms. Todorova