E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
JASON C. PANG (Cal. Bar No. 296043)
SURIA M. BAHADUE (Cal. Bar No. 344369)
Assistant United States Attorneys
     1400/1200/1000 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0637/2652/5487
     Facsimile: (213) 894-0142/0141
     E-mail:    Patrick.Castaneda@usdoj.gov
                Jason.Pang@usdoj.gov
                Suria.Bahadue@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>MIRELA TODOROVA,<br><br>           Defendant. | No. 2:21-CR-00244(B)-AB<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER CONTINUING TRIAL |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Patrick Castañeda, Jason C. Pang, and Suria M. Bahadue, hereby files its Opposition to Defendant Mirela Todorova's Ex Parte Application for Order Continuing Trial to February 18, 2025. (Dkt. 418.)

//

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 31, 2024            Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

          /s/
PATRICK CASTAÑEDA
JASON C. PANG
SURIA M. BAHADUE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  ARGUMENT**

The government indicted defendant Mirela Todorova ("defendant") in May 2021, over three years ago, and this Court has granted <u>ten</u> trial continuances since.  With trial nearly a month away and two days before the motions deadline and well after the expert deadline has passed, defense counsel seeks yet another continuance despite having no conflicts with the upcoming trial date.  This Court should deny defense counsel's late request for a trial continuance for several reasons.

<u>First</u>, defendant has been detained pending trial since March 2021, has refused to stipulate to at least one trial continuance in the past (<u>see, e.g.</u>, Dkts. 106, 107), and has moved the Court for dismissal of the case based on alleged undue delay, which this Court has denied.  (Dkts. 220, 235, 302.)  Notably absent from counsel's application is <u>any</u> confirmation that defendant Todorova herself agrees with the requested continuance.  Given defense counsel's prior claims that "undue delay" merits dismissal and defendant's complaints about the trial date, the Court should deny defense counsel's request on this basis alone.

<u>Second</u>, defense counsel has no actual conflict with the current trial date but has chosen a proposed new trial date of February 18, 2025, <u>when he already has another trial scheduled</u>.  (Dkt. 418 ¶ 4.)  Moreover, defense counsel's alleged or perceived conflicts are not dispositive.  "Not every restriction on counsel's time or opportunity to investigate or to consult with [their] client or otherwise prepare for trial violates a defendant's Sixth Amendment right to counsel."  <u>Morris v. Slappy</u>, 461 U.S. 1, 11 (1983) (finding that the trial court

did not abuse its discretion or deny defendant's right to counsel when it denied his motion for a continuance to allow better preparation of his attorney, who had been appointed to represent defendant six days prior to trial when his original appointed counsel had taken ill).

Third, defense counsel has had ample time to properly prepare for the December 3, 2024 trial, including to retain a psychological expert for defendant. Since being appointed as defendant's fifth lawyer over a year ago, counsel has reviewed discovery, met with and engaged in extensive discussions with the government, and filed or joined extensive briefing earlier this year in April and May based on the discovery in this case. Further, in February 2024, when discussing a continuance of the trial date, the government, via email, affirmatively raised the issue of defense experts and explained that the continuance would enable defense counsel to seek CJA funding. Plus, defense counsel had the benefit of extensive efforts of prior counsel who requested and obtained a psychological expert opinion in August 2022, which based, on information and belief, has been provided to this Court by defendant's current counsel months ago. (See Dkts. 102-104, 109, 111-113, 117, 303, 307, 312, 393, 401.) The Court has already reviewed multiple psychological evaluations lodged by defense counsel in camera and found that defendant was competent to stand trial but not competent to represent herself. (See Dkt. 401.) Defense counsel's request at the eve of trial to retain yet another psychological expert -- whose testimony would not be admissible at trial in any event -- is yet another strategic tactic merely to delay the trial date in this old case.

<u>Fourth</u>, defendant's motion to compel discovery filed yesterday is meritless and moot for the reasons stated in the government's opposition to the same. (Dkts. 416-417.) Indeed, the identity of J.L. has been intimately known to defendant for many years before the original May 2021 indictment in this case, and as defense counsel knows from produced jail calls and emails, defendant has a direct line of communication to J.L. As such, defendant's meritless motion for discovery is not grounds for a continuance.

<u>Fifth</u>, Y.D. is not "unavailable" for trial. His expected conflict is in late December 2024, and defendant has had ample opportunity to coordinate with Y.D. based on his schedule. Moreover, as of last Friday, October 25, 2024, defense counsel has agreed in principle with the government to allow Y.D. to appear remotely. Reversing defendant's position on this topic in furtherance of the requested continuance is a transparent attempt to simply delay trial and should be rejected.

<u>Sixth</u>, the government reiterates that defendant is not entitled to the grand jury transcripts in this matter for the reasons stated in its opposition, which is incorporated herein by reference. (Dkts. 256, 302.) That too is not a basis for delay.

<u>Seventh</u>, the victims and witnesses in this case deserve closure. This case has been pending for three years, and the events in this case stem from four years ago. Further, the victims in this case have the "right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7). A continuance at this juncture would thus prejudice the government who has started to prepare and schedule witnesses who have made plans to be available for trial. Moreover, a continue threatens witness memories and would run afoul of the right

to a speedy trial, which "belongs not only to the defendant but to society as well." United States v. Lloyd, 125 F.3d 1263, 1268 (9th Cir. 2017).

Last, but equally important, trial judges are afforded a great deal of latitude in scheduling trials and the Court should exercise that latitude here. Morris, 461 U.S. at 11; Houston v. Schomig, 533 F.3d 1079 (9th Cir. 2008) (finding that the trial court's denial of defendant's request to continue did not violate the Sixth Amendment). "The decision to grant or deny a requested continuance lies within the broad discretion of the district court." United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Ungar v. Sarafite, 376 U.S. 575, 589 (1964). The circumstances presented here – multiple trial continuances, defendant's detention, defendant's recent objection to a continuance, and a previously filed motion premised on undue delay -- all merit denial of defense counsel's eleventh-hour request.

**II.   CONCLUSION**

This case has been pending since May 2021 -- well over three years ago. It is time for defendant to receive her right to a jury trial, and for the victims to reach finality and closure. The government respectfully requests that this Court deny defendant's ex parte application and permit trial to proceed on December 3, 2024, as currently scheduled.

4