E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
JASON C. PANG (Cal. Bar No. 296043)
SURIA M. BAHADUE (Cal. Bar No. 344369)
Assistant United States Attorneys
    1400/1200United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0637/2652/5487
    Facsimile: (213) 894-0142/0141
    E-mail:    Patrick.Castaneda@usdoj.gov
              Jason.Pang@usdoj.gov
              Suria.Bahadue@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-CR-00244(B)-AB |
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE NO. 6 TO EXCLUDE IMPROPER REFERENCE, TESTIMONY, AND ARGUMENT |
| v. | |
| MIRELA TODOROVA, | Hearing Date: November 22, 2024 |
| Defendant. | Hearing Time: 1:30 p.m.<br>Location:  Courtroom of the Hon. André Birotte, Jr. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Patrick Castañeda Jason C. Pang, and Suria M. Bahadue, hereby files its Motion in Limine seeking to preclude evidence and arguments seeking jury nullification and other improper arguments, as well as to exclude unnoticed defenses.

///

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 1, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


      /s/
PATRICK CASTAÑEDA
JASON C. PANG
SURIA M. BAHADUE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On December 3, 2024, defendant Mirela Todorova ("defendant") will stand trial for leading a deadly drug-trafficking business that caused one fatal overdose and three near-fatal overdoses.  The government has not been made aware of possible defenses to the charged crimes.  Accordingly, out of an abundance of caution, and lacking knowledge of defendant's potential defenses, the government moves this Court to preclude improper argument for jury nullification and unnoticed defenses.

A defendant has no right to instruct the jury to nullify itself, United States v. Powell, 955 F.2d 1206, 1212-13 (9th Cir. 1991), and accordingly has no right to present evidence relevant only to such a defense, Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring).  Thus, under Rules 401, 402, and 403 of the Federal Rules of Evidence, the government seeks to preclude defendant from making any arguments (explicit or implicit), using lines of questioning, introducing evidence, or otherwise referring to, topics designed to inflame the jury or elicit jury sympathy or nullification.  Improper topics include defendant's potential penalties if found guilty at trial, a grand jury's return of no bill on a prior proposed indictment, defendant's mental health, or references to any abusive relationships.

Though these rules of law are well-settled, the government submits this motion to avoid any possible confusion if any of these issues arise in the midst of a witness's examination, cross-examination, opening statement, closing argument, or attorney-conducted voir dire.  Because mere mention of these issues may cause

confusion and unfair prejudice, they also should be excluded under Federal Rule of Evidence 403. The government therefore requests that the Court bar the defense from making any reference to the topics of this motion.

## II. LEGAL STANDARD

Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Rule 402, evidence that is not relevant is inadmissible. A district court has "wide discretion" to exclude irrelevant evidence. United States v. Alvarez, 358 F.3d 1194, 1205 (9th Cir. 2004).

Attempts to seek jury nullification, for example, by characterizing a case as unfair or unjust, are barred under the law. In United States v. Thomas, the Second Circuit held:

> We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it when it is within their authority to prevent. . . . A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty" . . . . Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

116 F.3d 606, 615 (2d Cir. 1997) (internal quotations and citations omitted); See, e.g., Powell, 955 F.2d at 1212-13 (holding that the defendant has no right to instruct the jury to nullify itself); Steppe, 968 F.2d at 930 (Trott, J., concurring) ("[N]either a defendant nor his attorney has a right to present to a jury evidence that is irrelevant to a legal defense to, or an element of, the crime charged. Verdicts must be based on the law and the evidence, not on jury nullification as urged by either litigant."); see also United

States v. Navarro-Vargas, 408 F.3d 1184, 1198 (9th Cir. 2005) (noting that courts have "uniformly rejected" requests for jury nullification instructions (citing cases)).

**III. ARGUMENT**

    **A.    Nullification is Inappropriate and Should be Prevented**

Because "trial courts have the duty to forestall or prevent such conduct," Thomas, 116 F.3d at 616, the government requests that this Court preclude defendant from arguing or introducing evidence -- however subtle -- designed to encourage the jury to render a verdict in her favor based on anything other than the assertion that defendant is not guilty of the crimes charged in the second superseding indictment. Nullification references, questions, testimony, and argument would include, but would not be limited to, the following topics:

First, any potential penalties, including a custodial sentence, that defendant might face if convicted at trial. United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict").

Second, that a grand jury returned a no bill on a prior proposed indictment charging defendant with possession with intent to distribute cocaine. As the Court is aware, on April 23, 2021, a federal grand jury returned a no bill on a prior indictment, charging defendant with possession with intent to distribute cocaine. (Dkt. 1 at ¶71.) Since then, defendant has been charged in a nine-count second superseding indictment, and the prior no bill has no relevance at trial.

1       Third, that defendant suffers from a "neurodevelopmental
2 disorder that made her socially naïve, socially isolated, and
3 emotionally starved for love and connection." (Dkt. 416.) That does
4 not bear on defendant's guilt or innocence, and defendant has not
5 provided any notice of a defense premised on defendant's mental
6 state, much less notice that she intends to introduce evidence of a
7 "mental disease or defect or any other mental condition of the
8 defendant" bearing on guilt. Fed. R. Crim. P. 12.2(b)(1). Moreover,
9 text messages, in which defendant threatened drug sources/criminal
10 associates, threatened her co-defendant, paid drug sources/criminal
11 associates for sex, brokered drug deals, and brokered sex deals
12 between her drug sources and a victim, demonstrate defendant is not
13 socially naïve.
14       Fourth, that defendant was in a verbally or physically abusive
15 or coercive relationship with J.L., A.L., J.O., or any other criminal
16 associate, which is also contradicted by defendant's contemporaneous
17 text messages.
18       Put simply, these categories do not bear on defendant's guilt or
19 innocence and are contradicted by defendant's contemporaneous text
20 messages. Accordingly, they are irrelevant and should not make their
21 way into the trial.
22       **B. Unnoticed Affirmative Defenses Should Be Precluded**
23       Defendant has not provided any notice of affirmative defenses,
24 so she should be prohibited from relying on any such defenses. The
25 government has requested notice of defendant's intention to rely on
26 affirmative defenses, including entrapment, alibi, duress or mental
27 condition as early as June 8, 2021, and as recent as October 22,
28 2024. The government has not received any notice in response. Nor

4

has the government received any discovery from defendant. As such, absent a pretrial offer of proof from defendant establishing the elements of such affirmative defenses, defendant should not be allowed to present affirmative defenses.

## IV.   CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court exclude all reference, evidence, and argument regarding the topics outlined in this motion as they are irrelevant and unfairly prejudicial and designed solely to elicit sympathy from the jury or otherwise play upon their emotions. Further, the Court should preclude any affirmative defenses that have not been noticed as of the date of this filing.