JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
JASON C. PANG (Cal. Bar No. 296043)
SURIA M. BAHADUE (Cal. Bar No. 344369)
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
JAMES E. DOCHTERMAN (Cal. Bar No. 256396)
Assistant United States Attorney
     1400/1200/1000/1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0637/2652/5487/2686
     Facsimile: (213) 894-0142/0141/6269
     E-mail:  Patrick.Castaneda@usdoj.gov
             Jason.Pang@usdoj.gov
             Suria.Bahadue@usdoj.gov
             James.Dochterman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>MIRELA TODOROVA,<br><br>        Defendant. | Case No. 2:21-CR-00244(B)-AB<br><br>GOVERNMENT'S PROPOSED FORFEITURE JURY INSTRUCTIONS<br><br>Trial Date: February 18, 2025<br>Trial Time: 8:30 a.m.<br>Location:  Courtroom of the Hon.<br>           André Birotte Jr. |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Patrick Castañeda, Jason C. Pang, Suria M. Bahadue, and James E. Dochterman, hereby submit their Proposed Forfeiture Jury Instructions in the above-captioned case.  The government respectfully reserves the right to

supplement these jury instructions as needed (e.g., to conform to reflect any counts of defendant's conviction) and to be read during the forfeiture phase of trial.


Dated: February 12, 2025          Respectfully submitted,

                                  JOSEPH T. MCNALLY
                                  Acting United States Attorney

                                  LINDSEY GREER DOTSON
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  PATRICK CASTAÑEDA
                                  JASON C. PANG
                                  SURIA M. BAHADUE
                                  Assistant United States Attorneys

                                  JONATHAN GALATZAN
                                  Assistant United States Attorney
                                  Chief, Asset Forfeiture & Recovery
                                  Section


                                  _____/s/ James E. Dochterman_____
                                  JAMES E. DOCHTERMAN
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**<u>INDEX OF PROPOSED FORFEITURE JURY INSTRUCTIONS</u>**

**PRELIMINARY INSTRUCTION (TO BE READ AFTER VERDICT AND BEFORE FORFEITURE PHASE OF TRIAL)**

| No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 1 | | Overview of Forfeiture Phase of Trial | Eleventh Circuit Pattern Jury Instructions, T6 (2017 ed.); Federal Rules of Criminal Procedure 32.2(a) and (b); 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853; 28 U.S.C. § 2461(c); <u>Libretti v. United States</u>, 516 U.S. 29, 39 (1995); <u>United States v. Lazarenko</u>, 476 F.3d 642, 647 (9th Cir. 2007). | 6 |

**INSTRUCTIONS AT END OF FORFEITURE PHASE OF TRIAL**

| No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 2 | | Forfeiture Proceeding Follows Guilty Verdict | Eleventh Circuit Model Jury Instructions, T6 (2017 ed.); Federal Rules of Criminal Procedure 32.2; 18 U.S.C. § 981, 982; 21 U.S.C. § 853; 28 U.S.C. § 2461(c); <u>United States v. Warshak</u>, 631 F.3d 266, 331 (6th Cir. 2010); <u>United States v. Creighton</u>, 52 F. App'x 31, 35-36 (9th Cir. 2002); <u>United States v. Babichenko</u>, 2023 WL 3221115, at *2 (D. Idaho May 2, 2023); <u>United States v. Petty</u>, 982 F.2d 1365, 1367 (9th Cir. 1993); <u>United States v. Ali</u>, 619 F.3d 713, 720 (7th Cir. 2010); <u>United States v. Capoccia</u>, 503 F.3d 103, 109 (2d Cir. 2007). | 10 |

1

| No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 3 | | Scope of Jury's Determination | Seventh Circuit Pattern Criminal Jury Instruction (2023 ed.) [21 U.S.C. § 841(a)(1)&(c) Forfeiture—Third Party Interests] (adapted); Fed. R. Crim. P. 32.2(b)(2)(A); ); United States v. Lazarenko, 476 F.3d 642, 658 (9th Cir. 2007); United States v. Nava, 404 F.3d 1119, 1132 (9th Cir. 2005); United States v. Yeje-Cabrera, 430 F.3d 1, 15 (1st Cir. 2005); United States v. Andrews, 530 F.3d 1232, 1236 (10th Cir. 2008); United States v. Segal, 339 F. Supp. 2d 1039, 1044 (N.D. Ill. 2004), aff'd, 495 F.3d 826 (7th Cir. 2007); United States v. Phillips, 704 F.3d 754, 770 (9th Cir. 2012); United States v . Derman, 211 F.3d 175, 184 (1st Cir. 2000). | 12 |
| 4 | | Standard of Proof – Preponderance of the Evidence | Fed. R. Crim. P. 32.2(b)(5); Libretti v. United States, 516 U.S. 29, 39 (1995); United States v. Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007); United States v. Garcia-Guizar, 160 F.3d 511, 518 (9th Cir. 1998); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-1577 (9th Cir. 1989). | 15 |
| 5 | | Definition – Preponderance of the Evidence | Ninth Circuit Model Civil Jury Instructions, No. 1.6 (2017 ed.) | 17 |

| No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 6 | | Reliance on Evidence Presented During Guilt Phase | Seventh Circuit Pattern Criminal Jury Instructions, [21 U.S.C. § 841(a)(1)&(C) Introductory Forfeiture Instruction] (2023 ed.) (adapted); 18 U.S.C. §§ 982; 28 U.S.C. § 2461(c); Fed R. Crim. P. 32.2 ((b)(1)(B) United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) | 18 |
| 7 | | Forfeiture Allegations Not Evidence | Seventh Circuit Pattern Criminal Jury Instructions, [21 U.S.C. § 841(a)(1)&(C) Forfeiture Allegations Instruction] (2023 ed.) (adapted to Indictment); 28 U.S.C. § 2461(c); Fed. R. Crim. P. 32.2(a) (notice to defendant) | 19 |
| 8 | | Multiple Bases | Fed. R. Crim. P. 32.2(b); 18 U.S.C. § 982 | 20 |
| 9 | | Property Subject to Forfeiture for Narcotics Distribution Convictions under 21 U.S.C. § 853 | Federal Rules of Criminal Procedure 32.2; 18 U.S.C. § 982(b)(1); 21 U.S.C. §§ 853. | 21 |
| 10 | | Narcotics Proceeds Defined | 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 981(a)(2)(A); 21 U.S.C. §§ 853; 28 U.S.C. § 2461(c); United States v. Swanson, 394 F.3d 520, 529 n.4 (7th Cir. 2005); United States v. Boesen, 473 F.Supp.2d 932, 952-953 (S.D. Iowa 2007) ; United States v. Capoccia, 503 F.3d 103, 117-18 (2d Cir. 2007) | 23 |

| No. | Court No. | Title | Source | Page |
|-----|-----------|-------|--------|------|
| 11 | | Special Verdict Form | Fed. R. Crim. P. 32.2(b)(1), (b)(5)(B); 18 U.S.C. § 982; 21 U.S.C. § 853; <u>Libretti v. United States</u>, 516 U.S. 29 (1995). | 25 |

## **PRELIMINARY INSTRUCTIONS**

## **(TO BE READ AFTER GUILTY VERDICT BUT BEFORE FORFEITURE PHASE OF TRIAL)**

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**JOINT PROPOSED FORFEITURE INSTRUCTION NO. 1**

[Criminal Forfeiture Phase of Trial]

[*To be read to the jury immediately after its return of a verdict of guilty on any of Counts One through Eight of the Indictment, but prior to the commencement of the forfeiture phase of the trial*.]

Members of the Jury: your verdict in this case doesn't complete your jury service as it would in most cases, because there is another matter you must now consider. The defendant has requested that you to decide whether the defendant should forfeit certain property to the United States as a part of the penalty for the crimes charged in any of Counts One through Eight of the Indictment.

In a portion of the Second Superseding Indictment not previously discussed or disclosed to you, it is alleged that the defendant obtained certain property from committing the offenses charged in Counts One through Eight. In view of your verdict finding the defendant guilty of at least one of those offenses, you must also decide whether that property should be forfeited to the United States.

Federal law provides that where a defendant is convicted of engaging in drug offenses, in violation of Title 21, United States Code, Sections 841 and 846, they may be required to forfeit to the United States all right, title, and interest in any and all property, real of personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense.

In this case, since you have found the defendant guilty of at
least one of the drug offenses, you must consider whether the
property specified in the Second Superseding Indictment is of this
character.

I will give you some general instructions that apply to your
consideration of the forfeiture allegations. Each of you will be
given a copy of these instructions for your deliberations.

To "forfeit" a thing is to be divested or deprived of the right,
title, and/or interest in it as a part of the punishment allowed by
the law for certain criminal offenses. To decide whether property
should be forfeited, you should consider all the evidence you have
already heard plus any additional evidence that will be presented to
you after these instructions.

A copy of the forfeiture allegation of the Second Superseding
Indictment and the Bill of Particulars will be given to you to
consider during your supplemental deliberations. The Second
Superseding Indictment and the Bill of Particulars describe in
particular the property allegedly subject to forfeiture to the United
States.

_____

Eleventh Circuit Criminal Pattern Jury Instructions, T6 (2024 ed.) (Forfeiture Proceedings) (to be given before supplemental evidentiary proceedings or supplemental argument of counsel) (adapted); Seventh Circuit Pattern Criminal Jury Instructions, Introductory Forfeiture Instruction (2023 ed.) (adapted); Fed. R. Crim. P. 32.2(a), (b)(1), (b)(5); 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. §§ 982(a)(1); 21 U.S.C. § 853; 28 U.S.C. § 2461(c); Libretti v. United States, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense."); United States v. Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007) (criminal forfeiture operates in personam against a defendant; it is part of his punishment following conviction); United States v. Lazarenko, 504 F. Supp. 2d 791, 796-97 (N.D. Cal. 2007) (Rule 32.2(a) requires only that the indictment give notice of the forfeiture in generic terms; that the Government did not itemize all of the property subject to forfeiture until much later was of no moment; older cases holding that property had to be listed in the indictment are no longer good law).

**<u>INSTRUCTIONS AT END OF FORFEITURE PHASE OF TRIAL</u>**

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**JOINT PROPOSED FORFEITURE INSTRUCTION NO. 2**

[Forfeiture Proceeding Follows Guilty Verdict]


[*This Instruction and all following instructions to be read before the jury begins its deliberations on forfeiture*]


While deliberating concerning the issue of forfeiture you must not re-examine your previous determination regarding the defendant's guilt. Your previous verdict[s] [is/are] final and conclusive.

However, all the instructions previously given to you concerning duties of the jury, your consideration of the evidence, what is and is not evidence, the credibility of the witnesses, expert testimony, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias, or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations. You may also consider hearsay evidence with sufficient indicia of reliability.


_____

Eleventh Circuit Criminal Pattern Jury Instructions, T6 (2024 ed.) (adapted); Seventh Circuit Pattern Criminal Jury Instructions, [21 U.S.C. § 841(a)(1)&(C) Introductory Forfeiture Instruction] (2023 ed.) (adapted); Fed. R. Crim. P. 32.2(b)(1); 18 U.S.C. §§ 981, 982; 21 U.S.C. §§ 853; 28 U.S.C. § 2461(c); United States v. Warshak, 631

F.3d 266, 331 (6th Cir. 2010) (defendant is not permitted to relitigate the legality of his conduct or otherwise attempt to undermine the jury's finding of guilt during the forfeiture phase; affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal, and holding that in the forfeiture phase, the legality of the conduct is "no longer a live issue;" the only question is the nexus between the conduct and the offense; United States v. Creighton, 52 F. App'x 31, 35-36 (9th Cir. 2002) (hearsay is admissible at sentencing and therefore may be considered in the forfeiture phase); United States v. Babichenko, 2023 WL 3221115, at *2 (D. Idaho May 2, 2023) (adopting to criminal forfeiture the holdings of United States v. Petty, 982 F.2d 1365, 1367 (9th Cir. 1993) as it pertains to sentencings); see also United States v. Ali, 619 F.3d 713, 720 (7th Cir. 2010) (because forfeiture is part of sentencing, less stringent evidentiary standards apply in the forfeiture phase of the trial; the evidence need only be "reliable"); United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) (Federal Rules of Criminal Procedure 32.2(b)(1) allows the court to consider "evidence or information," making it clear that the court may consider hearsay; this is consistent with forfeiture being part of the sentencing process where hearsay is admissible)

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**JOINT PROPOSED FORFEITURE INSTRUCTION NO. 3**

[Forfeiture – Scope of Jury's Determination]

You are to determine only if the defendant's rights, title and interests, if any, in the specified property should be forfeited. You are not called upon to determine whether or not any other person has any right, title or interest in this money or property, or whether or not their interest should be forfeited. This is a matter to be determined by the Court in further proceedings, if necessary.

You need only determine whether or not the government has proven by a preponderance of the evidence that the defendant's interest in this property, if any, is forfeitable.

You should also not consider what might happen to the property in determining whether the property is subject to forfeiture; the disposition of any property that is declared forfeited is exclusively a matter for the Court to decide. Nor should you consider whether the forfeiture might be too harsh of a punishment. This is a question for only the Court to decide. And you are not being asked to determine the amount or portion to be forfeited in this case.

Some of the property which the government claims is subject to forfeiture may be in the name of the defendant and persons or business entities other than the defendant. However, any interest that a person other than a defendant may claim to such property will be taken into account by this Court in a separate proceeding.

Your sole task is to decide whether the defendant's interest in the property, whatever that interest may be, is subject to forfeiture under the applicable law.

_____

Seventh Circuit Pattern Criminal Jury Instruction (2023 ed.) [21 U.S.C. § 841(a)(1)&(c) Forfeiture—Third Party Interests] (adapted); Fed. R. Crim. P. 32.2(b)(2)(A) (only question during forfeiture phase is whether evidence establishes requisite nexus between underlying crimes of conviction and property sought to be forfeited); United States v. Lazarenko, 476 F.3d 642, 658 (9th Cir. 2007) ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a third party's interests in the property.") (emphasis added); United States v. Nava, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them"); United States v. Yeje-Cabrera, 430 F.3d 1, 15 (1st Cir. 2005) (explaining that the primary purpose of Rule 32.2(b)(2) was to preserve the resources of the court and third parties by deferring the ownership issue to the ancillary proceeding, thus avoiding duplicative litigation); United States v. Andrews, 530 F.3d 1232, 1236 (10th Cir. 2008) (once forfeitability is determined, the court does not – "and indeed may not" -- determine ownership, as that issue is deferred to the ancillary proceeding); see United States v. Segal, 339 F. Supp. 2d 1039, 1044 (N.D. Ill. 2004), aff'd, 495 F.3d 826 (7th Cir. 2007) (verdict form should not ask jury what part of defendant's interest should be forfeited; jury's only role is to determine if government has established the requisite nexus between the property and the offense; see United States v. Phillips, 704 F.3d 754, 770 (9th Cir. 2012) (Southern Union Co. v. United States, 567 U.S. 343, (2012) does not apply to criminal forfeiture for the same

13

reasons that <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>United States v. Booker</u>, 543 U.S. 220 (2005) do not apply; <u>Libretti v. United States</u>, 516 U.S. 29, 39 (1995) remains binding on the lower courts until Supreme Court reconsiders it, and the <u>Apprendi</u> cases only apply if there is a statutory maximum and there is no statutory maximum for forfeiture); *on remand* <u>United States v. Phillips</u>, 2013 WL 3892923 (W.D. Wash. July 26, 2013) (<u>Alleyne v. United States</u>, 570 U.S. 99 (2013) does not apply to criminal forfeiture); <u>see</u> <u>United States v . Derman</u>, 211 F.3d 175, 184 (1st Cir. 2000) (whether property comprises one parcel or two and whether forfeiture would violate Eighth Amendment are issues for court, not jury), *superseded by stat.* <u>United States v. Ferrario-Pozzi</u>, 368 F.3d 5 (1st Cir. 2004).

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**JOINT PROPOSED FORFEITURE INSTRUCTION NO. 4**

[Standard of Proof--Preponderance of Evidence]

With two important exceptions, all previous instructions will continue to apply to your deliberations.

The first exception is that during this phase, the government's burden is no longer proof beyond a reasonable doubt, but instead, is simply proof by a preponderance of the evidence, which I will define for you.

The second exception is that during this phase, you will consider a component of the potential punishment to be imposed on the defendant, but your sole task is to determine whether the government has established, by a preponderance of the evidence, the required connection between the crimes of which the defendant has been convicted and the property sought for forfeiture.

_____

Fed. R. Crim. P. 32.2(b)(5); <u>Libretti v. United States</u>, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of

a substantive criminal offense."); United States v. Lazarenko*,* 476
F.3d 642, 647 (9th Cir. 2007) (criminal forfeiture operates *in
personam* against a defendant; it is part of his punishment following
conviction); Rule 32.2(b)(5); United States v. Rutgard, 108 F.3d
1041, 1063 (9th Cir. 1997) (addressing criminal forfeiture for 1957
case); United States v. Garcia-Guizar, 160 F.3d 511, 518 (9th Cir.
1998) (preponderance standard is constitutional because criminal
forfeiture is not a separate offense, but only an additional penalty
for an offense that was established beyond a reasonable doubt);
United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-1577 (9th
Cir. 1989) (interpreting identical language in 21 U.S.C. § 853, the
forfeiture statute applicable to most criminal forfeiture
proceedings)

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**JOINT PROPOSED FORFEITURE INSTRUCTION NO. 5**

[Definition—Preponderance of Evidence]


When a party has the burden of proof on any claim by a
preponderance of the evidence, it means you must be persuaded by the
evidence that the claim is more probably true than not true. You
should base your decision on all of the evidence, regardless of which
party presented it.

_____

Ninth Circuit Model Civil Jury Instructions, No. 1.6 (2017 ed.)

[Burden of Proof—Preponderance of Evidence]

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_\_**

**JOINT PROPOSED FORFEITURE INSTRUCTION NO. 6**

[Reliance on Evidence Presented During Guilt Phase]


In your forfeiture deliberations, you may consider any evidence admitted before deliberations, including witness testimony, exhibits, and stipulations and anything I took judicial notice of. I remind you that the lawyers' statements to you are not evidence.

---------

Seventh Circuit Pattern Criminal Jury Instructions, [21 U.S.C. § 841(a)(1)&(C) Introductory Forfeiture Instruction] (2023 ed.) (adapted); 18 U.S.C. § 982; 21 U.S.C. § 853; 28 U.S.C. § 2461(c); Fed R. Crim. P. 32.2 ((b)(1)(B) (whether made by the Court or the jury, the nexus determination may be based upon "evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."); United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) (finder of fact may rely on evidence from the guilt phase; it is not necessary for the government to reintroduce that evidence in the forfeiture phase)

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**JOINT PROPOSED FORFEITURE INSTRUCTION NO. 7**

[Forfeiture Allegations Not Evidence]


The Indictment contains a Forfeiture Allegation as it relates to any of Counts One through Eight. The Forfeiture Allegation is not evidence and does not create any inference that the property is subject to forfeiture. The defendant has denied that the property is subject to forfeiture.

---------

Seventh Circuit Pattern Criminal Jury Instructions, [21 U.S.C. § 841(a)(1)&(C) Forfeiture Allegations Instruction] (2023 ed.) (adapted to Indictment); 28 U.S.C. § 2461(c); Fed. R. Crim. P. 32.2(a) (notice to defendant)

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  8]**

**[Forfeiture – Multiple Bases]**

I will soon describe the specific property the government seeks to forfeit and what the government must prove to forfeit such property.  You will be asked to consider whether such property is subject to forfeiture, including on multiple grounds.  You need not be concerned with "double-counting" of monetary amounts or "overlapping" of properties.

Even if you find that a particular property is subject to forfeiture for more than one reason, that does not mean the government will receive the property twice.  However, it is important that you indicate on the special verdict form all bases on which you find any given property is subject to forfeiture.

Any issues of "double-counting" or "overlapping" will be considered by the Court when imposing sentence.

---

Source: Fed. R. Crim. P. 32.2(b); 18 U.S.C. § 982.

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**PROPOSED FORFEITURE INSTRUCTION NO. 9**

[Property Subject to Forfeiture for Narcotics Distribution
Convictions]


The Forfeiture Allegation in the Second Superseding Indictment
alleges that certain property is subject to forfeiture under Title
21, United States Code, Section 853. Specifically, the Government
seized and seeks to forfeit the following property:

Property seized on or about March 24, 2021:

1. $6,039.00 in U.S. Currency seized from a residence in
   Hollywood, California (CATS ID: 21-DEA-676360);

2. $2,550.00 in U.S. Currency seized from a residence in
   Hollywood, California (CATS ID: 21-DEA-676361);

3. $291,096.95 in funds seized from an E*Trade Financial
   Corporate Services Inc., account ending in x0745 (CATS ID:
   21-DEA-677167);

Property seized on or about April 5, 2021:

4. $169,141.14 in funds seized from a Bank of America account
   ending in x0938 (CATS ID: 21-DEA-677166); and

5. $29,727.99 in funds seized from a Bank of America account
   ending in x6051 (CATS ID: 21-DEA-677165).


In order for you to find that this property is subject to
forfeiture, the government must prove by a preponderance of the
evidence that the property constituted or was derived from the
proceeds obtained personally by the defendant, directly or

indirectly, as a result of the defendant's participation in the drug offense[s] charged in Counts One through Eight.

There is a rebuttable presumption at trial that any property of a person convicted of a drug offense as alleged in any of Counts One through Eight is subject to forfeiture if the Government establishes by a preponderance of the evidence that:

**(1)** the defendant acquired the property during the period of the drug offense(s) or within a reasonable time after such period; and

**(2)** there was no likely source for such property other than the drug offense(s) as alleged in any of Counts One through Eight.

If you find from your consideration of all the evidence that the government has proved this by a preponderance of the evidence [as to the property you are considering and as to the defendant you are considering], then you should check the "Yes" line on the Special Forfeiture Verdict Form [as to that property and defendant].

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove this by a preponderance of the evidence [as to the property you are considering and as to the defendant you are considering], then you should check the "No" line on the Special Forfeiture Verdict Form [as to that property and defendant].

---

Source: Federal Rules of Criminal Procedure 32.2; 18 U.S.C. § 982(b)(1); 21 U.S.C. § 853.

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 10]**

**[Narcotics Proceeds Defined]**

Property subject to forfeiture as proceeds of a drug offense includes any money of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense.

Proceeds remain proceeds regardless of how many times the property may change form. For example, the proceeds of a crime may start out as money in one bank account, be moved to a second bank account, be converted to a check, and then used to buy a car. In that case, each of the items would be considered the proceeds of the offense, or property derived from such proceeds.

In a case, like this one, where proceeds of a drug offense may be commingled, or mixed with, money from other sources, it is not necessary for the Government to trace the property to a particular execution of the offense, or to distinguish which proportion of the seized property represents proceeds of the drug offense when, as here, the Government took action within one year of the date of the first offense and seized property found in the same place or account as the property involved in the offense that is the basis for this forfeiture.

---

Source:  18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 981(a)(2)(A); 21 U.S.C. § 853; 28 U.S.C. § 2461(c); <u>United States v. Swanson</u>, 394 F.3d

520, 529 n.4 (7th Cir. 2005) (a change in the form of the proceeds
does not prevent forfeiture; property traceable to the forfeitable
property is forfeitable as well); United States v. Boesen, 473
F.Supp.2d 932, 952-953 (S.D. Iowa 2007) (forfeiting the gross
proceeds of a large health care fraud scheme, not just the proceeds
of the 82 executions of the scheme); see also United States v.
Capoccia, 503 F.3d 103, 117-18 (2d Cir. 2007) (distinguishing scheme
offenses such as in Boesen from discrete offenses, for purposes of
determining forfeitable proceeds).

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_\_**

**JOINT PROPOSED FORFEITURE INSTRUCTION NO. 11**

[Special Verdict Form]

A Special Verdict Form has been prepared for your use. With respect to the property listed or described, you are asked to decide whether it is subject to forfeiture to the government based on the reasons I have explained to you. Your decision must be unanimous. Indicate on the verdict form whether you find that the property listed is subject to forfeiture, and then the foreperson should sign and date the form.

--------

Fed. R. Crim. P. 32.2(b)(1), (b)(5)(B); 18 U.S.C. § 982; 21 U.S.C. § 853; <u>Libretti v. United States</u>, 516 U.S. 29 (1995).